# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

CARVER D. COOK,

                Plaintiff,              :        Case No. 3:06-cv-332

                                                  District Judge Walter Herbert Rice

      -vs-                                Chief Magistrate Judge Michael R. Merz

                                    :

DEPARTMENT OF INTERNAL
  REVENUE SERVICE,

                Defendant.

---

## REPORT AND RECOMMENDATIONS

---

       This case was filed October 20, 2006 (Complaint, Doc. No. 2).  Immediately upon its filing, the Court advised Plaintiff that there were additional steps he needed to take to litigate his case with the Internal Revenue Service including serving process on the United States not later than February 8, 2007, as required by Fed. R. Civ. P. 4(m).

       As of February 8, 2007, Plaintiff had taken no additional steps to litigate this matter.  Process had not been served and indeed no process had ever been issued in the case.  Therefore on February 9, 2007, the Magistrate Judge recommended the case be dismissed for want of prosecution (Doc. No. 4).  On February 26, 2007, Plaintiff objected (Doc. No. 5) and the Magistrate Judge stayed the Report to give the Plaintiff another chance to serve process, noting that the case would be dismissed unless process were served by April 1, 2007.

       Plaintiff waited an entire additional month even to have process issued (Doc. No. 6).  As of the date of this Report, there has been no proof of service filed.  Plaintiff has shown no cause whatsoever for the delay.

Accordingly, pursuant to Fed. R. Civ. P. 4(m), it is respectfully recommended that this action be dismissed without prejudice for lack of prosecution.

April 18, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).